## SUPREME COURT.

JAMES RAYMOND, as sole administrator, agt. JOHN BROOKS and others.

*Examination of defendants to enable plaintiff to prepare his complaint.*

In an action by the administrator of a deceased partner against the surviving partners, among other things for an accounting, the plaintiff is entitled to an order for the examination of the defendants in order to enable him to prepare a complaint, but the examination should be limited to an inquiry only into the facts necessary to be included in the complaint.

*Special Term, October*, 1879.

MOTION to set aside an order for the examination of one of the defendants, made to enable plaintiff to prepare his complaint.

VAN VORST, *J.* — In this case the plaintiff was entitled to the order for examination of the defendant. His affidavit discloses a cause of action; but it is quite clear that, in order properly to prepare his complaint, an examination of the defendant is necessary to ascertain facts to make an orderly pleading in a case of this description, which are necessarily within the defendant's knowledge, and of which the plaintiff may well be supposed to be, as he claims, ignorant.

But such examination is not to extend, in substance or

Raymond agt. Brooks.

form, to an accounting of the copartnership affairs, which is one of the objective points of the action itself. Such inquiry is not necessary to prepare a complaint.

The examination should only extend to an inquiry into such facts as are necessary to be included in the complaint, properly to set up the plaintiff's cause of action.

The plaintiff upon making this motion proposed to the parties, through their counsel, certain questions which were not answered.

I have looked at these questions, a copy of which accompany the motion papers.

The plaintiff suing in a representative character, and not having personally participated in the matters concerning which inquiry is sought, properly enough asks that he may be allowed to examine one of the defendants, who is reasonably supposed to have the knowledge, to ascertain the facts covered by these questions.

For the purpose of limiting the inquiry within such bounds as may properly adduce facts for the complaint, the questions above alluded to, excepting the fourth, tenth and thirteenth, may be put to the witness, and he should be called upon to answer them in this proceeding.

The motion to vacate the order of examination is denied, and the examination must proceed on the 3d day of February, 1880, at 10½ A. M.

NOTE. — Affirmed on appeal to the general term. [ED.