Goldberg *v.* Roberts.

--------

SARA GOLDBERG, Respondent, *against* GEO. D. ROBERTS, impleaded with David C. Ferris *et al.*, Appellant.

(Decided March 14th, 1884.)

An order for the examination, before trial, of one of several defendants, in an action for services alleged to have been rendered under a contract of employment with one of them, may properly be granted for the purpose of proving a co-partnership between the defendants, and that the one who contracted with plaintiff acted by their authority in so doing.

APPEAL from an order of the General Term of the City Court of New York,* affirming an order of that court denying a motion to vacate an order for the examination of a party to an action before trial.

The action was brought to recover for services rendered under a contract made by Salmi Morse, one of the defendants, with the plaintiff. The complaint alleged that the other defendants were secret co-partners of Morse, and that he acted by their authority in contracting with plaintiff. An order was granted, upon the application of plaintiff, for the examination of George D. Roberts, one of the defendants, before trial, for the purpose of proving by him the existence of such co-partnership and authority. A motion by him to vacate the order having been denied, he appealed from the order entered thereon to the General Term of the City Court, by which the order was affirmed. From this decision of the General Term the defendant, Roberts, appealed to this court.

*Clark Bell*, for appellant.

*Walter M. Rosebault*, for respondent.

BEACH, J.—The plaintiff was granted by the court below an order for the examination of the defendant appellant for the alleged purpose of proving a copartnership between the defendants, and that the defendant Morse acted by their authority when contracting with the plaintiff for her services. The order was affirmed by the General Term of the City Court and an appeal taken to this court.

There has been most frequent expression of judicial opinion upon the scope of the section of the Code of Civil Procedure giving this right, and the cases where an order for the examination of an adverse party should be granted.

* By act passed February 9th, 1883 (L. 1883 c. 26), the Marine Court of the City of New York is to be designated, on and after the 1st day of July, 1883, as the " City Court of New York."

In this court the order has been held proper in any case where a bill of discovery would have been upheld in equity (*Schepmoes* v. *Bowsson*, 52 How. Pr. 401; *Phœnix* v. *Dupuy*, 7 Daly, 238; 2 Abb. N. C. 146). Whether or not this restriction should be applied under the existing statute is questionable (*Brisbane* v. *Brisbane*, 27 Supr. Ct. [20 Hun] 48).

The testimony sought must be material and necessary for the party making such application, or the prosecution and defense of such action (Code Civ. Pro. § 872, subd. 4). In this case the fact of partnership between the defendants must be proved by the plaintiff to make out her cause of action. It is material and necessary to the prosecution of her case, and her effort to establish it by the defendant's testimony does not indicate any desire or intent to discover what may be matter of defense.

In my opinion a bill of discovery could have been maintained for the same object. It was well said by the learned Chief Justice : " In equity a party was allowed to discover from his adversary any matter which was material to the establishment of his cause of action . . . and it was no answer to the application that the other party might be examined as a witness upon the trial, for the one filing the bill was not bound to call him as a witness on the trial, but might have a discovery previously from him as a party " (*Phœnix* v. *Dupuy*, *supra*, and cases cited, p. 157).

The order should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed, with costs.