Goldberg agt. Roberts.

---

## N. Y. COMMON PLEAS.

SARA GOLDBERG, respondent, agt. D. ROBERTS, impleaded, &c., appellant.

*Examination of adverse party before trial — When order for should be granted — Code of Civil Procedure, section* 872, *subdivision* 4.

A plaintiff in an action has the right, under the Code of Civil Procedure, to an order for the examination of one of two defendants, to prove a copartnership between the defendants.

*General Term, May,* 1884.

*Before* C. P. DALY, *C. J.;* LARREMORE *and* BEACH, *JJ.*

*Charles Bell*, for appellant.

*Walter M. Rosebault*, for respondent.

BEACH, *J.* — The plaintiff was granted by the court below an order for the examination of the defendant appellant, for the alleged purpose of proving a copartnership between the defendants, and that the defendant Morse acted by their authority when contracting with the plaintiff for her services. The order was affirmed by the general term of the city court and an appeal taken to this court.

There has been most frequent expression of judicial opinion upon the scope of the section of the Code of Civil Procedure giving this right, and the cases where an order for the examination of an adverse party should be granted.

In this court the order has been held proper in any case where a bill of discovery would have been upheld in equity (*Schepmoes* agt. *Bousson*, 52 *How. Pr.*, 701; *Phœnix* agt. *Dupuy*, 7 *Daly*, 238; 2 *Abb.* [*N. S.*], 146). Whether or not this restriction should be applied under the existing statute is questionable (*Brisbane* agt. *Brisbane*, 27 *Supr. Ct. R.*, 48).

The testimony sought must be material and necessary for the party making such application, or the prosecution and defense of such action (*Code Civ. Pro.*, sec. 872, *subd.* 4). In this case the fact of partnership between the defendants must be proved by the plaintiff to make out her cause of action. It is material and necessary to the prosecution of her case, and her effort to establish it by the defendant's testimony does not indicate any desire or intent to discover what may be matter of defense.

In my opinion a bill of discovery could have been maintained for the same object. It was well said by the learned chief justice : " In equity a party was allowed to discover from his adversary any matter which was material to the establishment of his cause of action, * * * and it was no answer to the application that the other party might be examined as a witness upon the trial, for the one filing the bill

was not bound to call him as a witness on the trial, but might have a discovery previously from him as a party " (*Phœnix* agt. *Dupuy, supra, and cases cited, p.* 157).

The order should be affirmed, with costs and disbursements.

C. P. DALY, C. J., and LARREMORE, J., concurred.