CLARA CARTER, Appellant, v. BRENT S. H. GOOD and the CARTER MEDICINE COMPANY, Respondents.

*Rule governing the granting of an order for the examination of a party before trial — relaxed in case of infancy, etc.*

The strictness of the rule, which governs the granting of an order for the examination of a party before trial, will be relaxed when a relation of trust and confidence has existed between the parties to the action, especially if the party asking for the examination was an infant at the time that the transaction to be investigated occurred.

Where the information desired is seemingly important for the proper presentation of the cause of action alleged in the complaint, and necessarily wholly within the knowledge of the defendant, or more within his knowledge than that of the plaintiff, an order for the examination of the defendant should be granted.

Appeal by the plaintiff Clara Carter from an order, entered in the office of the clerk of the county of New York on the 24th day of April, 1890, vacating an order theretofore granted for the examination before trial of Brent S. H. Good, personally and as a director and trustee of the defendant, the Carter Medicine Company.

The order was granted at a Special Term of the Supreme Court, held in the county of New York on the 24th day of April, 1890. As stated in the opinion at Special Term, the only reason given in the affidavit, upon which the application for the examination was made, for having the examination before the trial, was that the attorney for the plaintiff " does not know whether the said Brent Good will be within the jurisdiction at the time of said trial, and whether, if said Brent Good is then within the jurisdiction, his attendance at the trial can be obtained." This affidavit was held at the Special Term to be insufficient.

*William W. Cook*, for the appellant.

*R. H. McGrath* and *Jno. H. Bird*, for the respondents.

Brady, J.:

The defendant Good occupies towards the plaintiff a fiduciary relation. He is the administrator of her father's estate and her guardian. In the former capacity he came into possession of 100 shares of stock of the Carter Medicine Company, sixty shares of which were improperly disposed of by him with the ultimate design of owning

them himself, a result existing and accomplished as suggested. The price received for them was trifling it is alleged, in view of their real value, the dividends having enormously increased year after year. The affidavit on which the order was obtained for the examination of the defendant Good is not a fulfillment of the essential requisites in ordinary cases under the decisions bearing upon the subject. (*Williams* v. *Folsom,* 52 Hun, 68; 54 id., 308; *Jenkins* v. *Putnam,* 106 N. Y., 272.) But it is supposed that in view of the relations existing between the defendant Good and the plaintiff, who is his *cestui que trust,* and entitled to a full and truthful disclosure affecting the *corpus* of the estate, the general rule does not apply. It is enough that such relation is shown to call into being the inquisitorial power of the court, in order to determine whether the act complained of, namely, the sale of sixty shares of stock, was made in fraud of the plaintiff's rights, and in violation, if so, of the double duties incumbent upon the defendant Good by reason of the dual capacities in which he stood as administrator and guardian. The learned justice in the court below gave no heed to this contention, for aught that appears in his opinion, but it was worthy of serious consideration and must receive it here. The rule with regard to the examination of a party before trial is one of discretion. (*Herbage* v. *City of Utica,* 109 N. Y., 81.) The application for the order has become one addressed to that legal element. It is, therefore, flexible and must be adapted to and controlled by the facts and circumstances of each case, considered with reference to the relations existing between the parties; and, therefore, a strictness which would be applied between ordinary suitors would necessarily yield when the relation of trust and confidence exist between the parties, especially if one were an infant, and, therefore, to a certain extent, helpless when the transactions to be investigated occurred. Persons in a fiduciary character are equitably liable to discovery. (Bray's Pr. on Discovery, 30; Sichel & Chance on Discovery, 37.)

If it appear, therefore, from the nature of the transactions set forth, coupled with the allegations in the complaint relating thereto, and making them apparent, the information desired is seemingly important for the proper presentation of the cause of action asserted and necessarily wholly within, or more within the knowledge of the defendant than the plaintiff, the order should be granted and main-

tained. This would not be recognizing a procedure in the nature of a fishing expedition or suggest such a forbidden performance, but a meritorious application founded in justice and due to its proper administration. This view is sustained by the case of *Dyett* v. *Seymour* (19 N. Y. St. Rep., 765), in which Van Brunt, P. J., said: "The defendants were Eno's agents. He had no personal knowledge as to these transactions, and necessarily relied upon the good faith and honesty of such agents; and where he has good ground to suspect such good faith he should be afforded an ample opportunity for investigation."

The application contains the following statement as to the necessity of the examination sought:

VII. That the testimony of said Brent S. H. Good, personally and also as said trustee, is material and necessary for the following reasons: The plaintiff, in order to prove that said Brent S. H. Good has owned and controlled said sixty shares of stock ever since the latter part of the year 1884 up to the present time, must have the testimony of said Brent S. H. Good as to who received and retained the $86,140 dividends, or any part thereof, declared on said stock during that time; also what price was paid by said Brent Good to said McIntosh for said stock or any part thereof on July 3, 1889; also what relations, financial and otherwise, existed between said Brent Good and said McIntosh; also what banks were the depositories of the moneys of said McIntosh; also who advanced to said James W. Good the money with which he purchased twenty of said shares of stock, if so purchased by him; and what relations exist between said Brent Good and said James Good in regard thereto, and in regard to many matters generally, and who receives the dividends thereon; also as to the business relations that have existed or now exist between said Brent Good and one George M. Hard, who has made affidavit in this case that said Chichester purchased said stock for said Hard; also the date when said stock was transferred to said Brent Good, and as to whether said stock now stands in the name of said Good on the books of said company, and to whom the last dividend on said sixty shares of stock was paid. Neither the plaintiff nor deponent knows nor has any means of ascertaining the facts referred to in the preceding sentence. Said facts are within the knowledge of said Brent Good, personally and

as said trustee. The plaintiff has no way of ascertaining and proving said facts, except by the testimony of said Brent Good, personally and as trustee. The plaintiff cannot safely proceed to trial until she has taken the deposition of said Brent Good, personally and as trustee, in regard to said facts, and that said facts are material and necessary to be proved upon the trial herein. The present application for an order to examine the said Brent Good, personally and as said trustee, is made in good faith to preserve the testimony of the said Brent Good, personally and as the said trustee expected to be taken under the said order; and plaintiff intends to use such testimony upon the trial of the action and otherwise as may be necessary. Said testimony is material and necessary for the plaintiff for use on the trial of this action. Deponent does not know whether the said Brent Good will be within the jurisdiction at the time of said trial, and whether if said Brent Good·is then within the jurisdiction his attendance at the trial can be obtained.

This seems to be sufficient to justify the order asked for under the circumstances of this case in the exercise of a sound discretion.

Order reversed, with ten dollars costs and disbursements of the appeal.

Van Brunt, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars costs and disbursements of the appeal.