DORF *v.* WALTER *et al.*

(*City Court of New York, General Term.* April 5, 1892.)

1. EXAMINATION OF DEFENDANT BEFORE TRIAL—DISCRETION OF COURT.
   The granting of an order for the examination of defendant before trial rests within the sound discretion of the court.

2. SAME—IMPERTINENT INQUIRIES.
   The objection that such order is desired for the purpose only of annoying and harassing defendant is without weight, in view of the power of the judge to keep plaintiff within proper bounds and to exclude impertinent inquiries.

3. SAME—STAGE OF PROCEEDINGS.
   Such examination may be had before service of a complaint on defendant under Code Civil Proc. § 870, permitting the same "at any time before trial."

Appeal from special term.

Action by Elias Dorf against James N. Walter and others. From an order directing his examination before trial, defendant Walter appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and McCARTHY, JJ.

*Kurzman & Frankenheimer,* for appellant. *Hayman, Marx & Rosenthal,* for appellee.

McCARTHY, J. This is an appeal from an order directing the defendant James N. Walter to appear before one of the justices of this court at special term, and be examined and his deposition taken in pursuance of sections 870 and 872, Code of Civil Procedure. The application was made by the plaintiff, for the purpose of being able to prepare an amended complaint. The affidavits on the part of the plaintiff disclose a very peculiar situation, and were sufficient in form and purpose to demand on the part of the justice to whom they were presented the exercise of a sound discretion.

The granting of such an order rests within the sound discretion of the court. *Jenkins* v. *Putnam,* 106 N. Y. 276, 12 N. E. Rep. 613.

It is claimed that this examination is not material and necessary, but merely for the purpose of annoying and harassing the defendant Walter. We are of opinion that the examination is material and necessary. As to the question of annoyance, we think it is for the judges now, under the rules of practice and by the rulings at the examination, to keep the plaintiff within the proper bounds, and to ward off from the defendant all inquiry which is vain or curious. *Raymond* v. *Brooks,* 59 How. Pr. 383. FOLGER, J., in *Glenney* v. *Stedwell,* 64 N. Y. 122, says "that a plaintiff in an action pending may examine the adverse party on oath before the service on him of a complaint, and for the purpose of obtaining the facts on which to frame a com-

plaint." BARRETT, J., in *Brisbane* v. *Brisbane*, 20 Hun, 49, quoting from FOLGER, J., in above case, says "the expression in section 391 of the old Code, 'at any time before the trial,' which in the case cited (*Glenney* v. *Stedwell*) was deemed to cover an examination before as well as after issue, is also to be found in section 870, Code of Civil Procedure." We therefore think no error was committed, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.