### FATMAN *v.* FATMAN.

*(Common Pleas of New York City and County, General Term.   May 2, 1892.)*

**1. EXAMINATION BEFORE TRIAL—SUFFICIENCY OF AFFIDAVIT.**
    In an action by a legatee against the executor for an accounting, an order for examination of defendant before trial, for the purpose of enabling plaintiff to frame his complaint, will be granted, where plaintiff's affidavit shows that testator was the principal member of the firm of F. & Co.; that defendant was directed by the will to continue the concern; that defendant's inventory of the estate showed personalty of the value of $327,797.29, of which $275,000 consisted of testator's interest in the firm; that plaintiff had no knowledge as to the terms of the partnership, nor who were the copartners at the time of testator's death, nor of the operations of the firm, nor of the changes therein since testator's death, nor what, if anything, was left of the assets of testator invested in the firm; that the deposition of defendant was necessary to enable plaintiff to prosecute the action; and that plaintiff had no other means of ascertaining the facts.

**2. SAME—ACTION AGAINST EXECUTOR FOR ACCOUNTING.**
    The general rule that an affidavit for the examination of defendant before trial must show that plaintiff has a cause of action, legal or equitable, has no application in a case of this character.

**8. SAME—COMPLETE CAUSE OF ACTION.**
    Though the affidavit did not state a complete cause of action, yet, the nature of the action having been stated, and the substance of the judgment demanded, it was sufficient.

**4. SAME—JURISDICTION OF COURT OF COMMON PLEAS.**
    The affidavit having stated that the discovery was desired for the purpose of enabling plaintiff to obtain a judgment establishing the rights of plaintiff in certain "real" as well as personal property, the jurisdiction of the court of common pleas of the city of New York was thereby saved.

**5. SAME—STATUTE OF LIMITATIONS.**
    The fact that the statute of limitations would probably prove a bar to plaintiff's demand could not be urged as an objection to the examination, since it cannot be presumed that the statute will be pleaded.

**6. SAME—SCOPE OF EXAMINATION.**
    The scope of the examination of defendant before trial should not be limited in the order, where the examination is to be taken before a judge, and not a referee

Appeal from special term.

Action by Alfred Fatman against Solomon J. Fatman, in his own right and as executor of Joseph Fatman, deceased.   From an order denying a motion to vacate or modify an order for the examination of defendant before trial, defendant appeals.   Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

*Wing, Shoudy & Putnam,* (*J. A. Shoudy,* of counsel,) for appellant.   *William J. Hardy,* for respondent.

GIEGERICH, J.   Joseph Fatman, father of both plaintiff and defendant, died in October, 1869.   He was then a member of the firm of Fatman & Co., of New York city.   By his will he directed his executor to represent his interests in said copartnership, and, to all intents and purposes, carry out said copartnership in the same manner as though the testator were living, during the period provided for in the articles of copartnership, and that the said

partnership should continue and be prosecuted by the remaining partner and his executor. The defendant became the sole executor under his father's will, and in January, 1870, about three months after his father's death, filed an inventory showing personalty of the appraised value of $327,797.29, including the testator's interest in the firm of Fatman & Co., which was appraised at $275,000. The plaintiff demanded from the defendant an accounting, and the payment to him of his share of his father's estate; but the defendant refused to comply with the demand, and the plaintiff now brings this action for the purpose of obtaining a judgment establishing and adjudicating the rights of the plaintiff in the real and personal estate of his father, and requiring and directing the defendant, as sole executor and trustee of said Joseph Fatman, deceased, to file and judicially settle his account, and to pay over to the plaintiff his share in the proceeds of the said estate, as a legatee of the said testator. Upon the affidavit of the plaintiff setting forth these facts, and other facts and circumstances, which will hereinafter more fully appear, an order was made for the examination of the defendant to enable the plaintiff to frame his complaint. Thereafter the defendant moved to vacate, set aside, or modify such order, which application was founded upon his affidavit, wherein he states that the firm of Fatman & Co. was dissolved by his father's death; that its affairs were liquidated by Louis Fatman, as surviving partner; "that all of the assets of said firm, and of both partners, were used to pay the debts of said firm, and that, after all had been applied, left over half a million of indebtedness unpaid;" that in 1869 a new firm, composed of the defendant individually, and the said surviving partner, Louis Fatman, was organized for one year; that it received none of the assets of the former firm, and had no connection with its business; that in 1870 "a new firm of Fatman & Co." was organized, composed of Louis Fatman, Solomon J. Fatman, Morris Ranger, and Solomon Ranger; that, about 1882, Morris Ranger retired, and about 1883 Louis Fatman died, and the firm is now composed of the remaining members; that none of the assets of the original firm of Fatman & Co. ever came into the hands of this firm; that about the year 1877 all of the assets of Joseph Fatman, together with his interest in the assets of the original firm of Fatman & Co., had been collected by the defendant and said Louis Fatman, and paid out upon account of the indebtedness of his said firm; that since 1877 no assets whatever of the said Joseph Fatman have come into his hands, nor those of said Louis Fatman, nor have any such assets ever come into the hands of either of said "subsequent firms of Fatman & Co.;" and that the plaintiff's right to demand an accounting accrued upward of 20 years ago. The defendant also alleged that in July, 1890, the plaintiff applied to the surrogate for an order directing him to render an account in the estate of said Joseph Fatman, and that the application was denied upon the ground that the plaintiff's right to demand such an accounting had long since expired. The statement of the defendant as to the alleged result of the proceedings had in the surrogate's court are denied by the attorney for the plaintiff, who in an affidavit alleges that they were discontinued before any determination was reached therein. The motion made by the defendant was denied, from which determination he had appealed, and thus there is presented for review the validity of the order in question.

It is insisted by the defendant that the affidavit was wholly insufficient to justify an order for the examination of the defendant. There is no force in this contention. The affidavit upon which the order was made contains, in addition to the matters above stated, the statement that the plaintiff has no knowledge nor any source of information, excepting the testimony of the defendant and the other copartners of said Joseph Fatman, deceased, as to what were the terms, provisions, and conditions of the said articles of copartnership, oral or written; nor as to who were copartners of the said Joseph Fatman in the said firm at the time of his death; nor what was the extent of the

interest of the said Joseph Fatman in the assets of the said firm; nor what has been the result of the operations of the said firm since the death of the said Joseph Fatman, as affecting the latter's interest in the said assets; nor what changes, if any, have taken place in the membership of the said firm since the death of the said Joseph Fatman; nor in what respect such changes in said firm have affected the said interests of the said Joseph Fatman, deceased, and of his executor and trustee in the assets of said firm; nor what, if anything, is now left of the trust fund created by the said provisions of the said will in the assets of said firm; nor any of the other facts or incidents connected with the administration of his said trust by the said executor and trustee under the said will. It was further stated that the deposition of the defendant is material, and necessary to the plaintiff in the prosecution of this action, and that the plaintiff has no means of ascertaining anything whatsoever concerning the said trust under the said will, or its administration, or concerning any part of the estate of said testator or its administration, and that this discovery is necessary to enable the plaintiff to discover the names of other defendants, and to frame his complaint in this action. From these statements, and others as they are contained in the affidavit, the plaintiff is clearly entitled, under the authorities, to an order for the examination of the defendant,—*Glenney* v. *Stedwell,* 64 N. Y. 120; *Heishon* v. *Knickerbocker Co.,* 45 N. Y. Super. Ct. 54; *Raymond* v. *Brooks,* 59 How. Pr. 383; *Miller* v. *Kent,* Id. 321; *Manley* v. *Bonnell,* 11 Abb. N. C. 123; *Goldberg* v. *Roberts,* 12 Daly, 339; *Burt* v. *Oneida Community,* 21 N. Y. Wkly. Dig. 342; *Davis* v. *Stanford,* 37 Hun. 531; *Talbot* v. *Doran & W. Co.,* (Com. Pl. N. Y.) 9 N. Y. Supp. 478; *Carter* v. *Good,* (Sup.) 10 N. Y. Supp. 647,—and the plaintiff is entitled thereto, especially in view of the fact that he is a *cestui que trust,* and entitled to a full and truthful disclosure affecting the *corpus* of the estate,—*Carter* v. *Good, supra.*

The second objection to the order is that the affidavit fails to show that the plaintiff has a cause of action, either legal or equitable. Even assuming, for the purposes of the argument, that this is so, the general rule does not apply to a case of this character. *Carter* v. *Good, supra.* But it is not necessary that the affidavit should state a complete cause of action; it is sufficient if the nature of the action is stated, and the substance of the judgment demanded. *Frothingham* v. *Railroad Co.,* 9 Civil Proc. R. 304, 314, VAN BRUNT, J.; *Videtto* v. *Dudley,* (Super. N. Y.) 4 N. Y. Supp. 437; *Heishon* v. *Knickerbocker Co., supra.* The moving papers in the case at bar contain these prerequisites.

The third objection is that the examination of the defendant is not necessary to enable the plaintiff to frame his complaint. A question similar to the one now presented by this objection was raised by the first objection, which has been already considered and disposed of, and the answer thereto might suffice for a complete answer to the objection now raised. But, in passing upon the precise point involved, it is well to consider that, while the plaintiff may be entitled to a share in his father's estate, he is not in a condition in which he can legally state his case, entitling himself to any relief of that description. For the information requisite for that purpose he is wholly dependent upon the defendant, who, it seems, within three months after the testator's death, and before his inventory was filed, became a member of the firm, which, by the terms of his father's will, he was directed to continue and preserve; and without the information there is reason to believe that the action could not be placed in the legal form adapted to the relief which the plaintiff is entitled to upon the facts, as he may ultimately be able to establish them in the suit. The plaintiff is therefore entitled to the order to enable him to prepare a complaint. *Davis* v. *Stanford, supra; Raymond* v. *Brooks, supra; Tucker* v. *Mather,* 23 Wkly. Dig. 455; *Heishon* v. *Knickerbocker Co., supra.*

This brings us to the next objection, that it is doubtful whether the plain-

tiff could maintain an action for an accounting in this court. If the action related solely to an accounting as to the personalty, doubts might be entertained, in view of the intimations given by the judges who delivered the opinion of the court in the cases cited by the appellant, (*Hard* v. *Ashley*, 117 N. Y. 606, 23 N. E. Rep. 177; *Chipman* v. *Montgomery*, 63 N. Y. 235,) whether, in the face of an objection properly taken thereto, this court could entertain jurisdiction of the action. But, by referring to the affidavit of the plaintiff, it will be seen that this action is brought "for the purpose of obtaining a judgment establishing and adjudicating the rights of plaintiff in certain real and personal property, being the estate of one Joseph Fatman, deceased." The statements and denials of the defendant contained in his affidavit furnish no reason why he should not be examined at the instance of the plaintiff. *Olney* v. *Hatcliff*, 37 Hun, 286; *Davis* v. *Stanford, supra*. Notwithstanding the long period of time that has elapsed since the alleged right of action is claimed to have accrued, the statute of limitations is always an affirmative defense, and it cannot be presumed that the same will be pleaded. Furthermore, the facts to be brought out may themselves show that such statute could not be successfully interposed as a defense. The scope of the examination of the defendant should not be limited, as the order provides it is to be taken before a judge, and not a referee. *Burt* v. *Oneida Community, supra; Hutchinson* v. *Lawrence*, 29 Hun, 450. The order appealed from should be affirmed, with costs. All concur.