By the Court.—McAdam, J.
The general rules of practice provide that where an examination is required under sections 870, 871 and 872 of the Code, the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the party is material and necessary (Buie 83). In compliance with this rule, the plaintiff swears he believes “ that the defendant knows the name of the physician who attended the plaintiff and the names of the various witnesses who were present at the accident, whom deponent will need to prove the manner of the accident and the injury then received by him, as well as the ownership and management of the elevator lift which caused the injury, and that the plaintiff does not know the name of the physician or of said witnesses.”
While it is true the Code provisions apply to all actions, the right is qualified by the condition that the examination may be had only in cases where the same is “ both necessary and material ” and where the witness might be compelled to testify to the same facts at the trial. The judge to whom the application is made is to determine the materiality or necessity from the facts stated, and he is to see that the privilege is not abused because the mere circumstance that a party has been examined bef ore trial does not preclude his examination at the trial *371 (Berdell v. Berdell, 27 Hun, 24; Misland v. Boynton, 79 N. Y., 630), and the court may, upon all the facts appearing, vacate the order and leave the party to take the examination at the trial,. Jenkins v. Putnam, 106 N. Y., 276. Where it appears that the proceeding is experimental, unnecessary, instituted to vex or harass, or for idle or frivolous purposes, the order should he vacated. Sumner v. Hosford, 12 Week. Dig., 440. If the proceeding contemplates a broader line of examination than is necessary and material, “It is for the judges now,” said the Court of Appeals, “ by rules of practice and by rulings at the examination, to keep the plaintiff within proper bounds, and to ward off from the party all inquiry which is vain or curious.” Glenney v. Stedwell, 64 N. Y., 123. In Herbage v. City of Utica, 109 N. Y., 81, an order limiting an examination was reversed, because “ the order appealed from was so limited, not according to the discretion of the court, by which it might have been restrained, but because, as appeared by the order, the court was of opinion that it had no power to order otherwise.” Indeed, section 873 of the Code as amended in 1879, expressly declares that the judge who grants the order, may in his discretion “ designate and limit the particular matters as to which the party shall be examined,” and whatever discretion the judge below had in the premises, may be exercised by the court at general term, for the appeal is nothing more or less than a continuation of the same proceeding in the same court. Phipps v. Carman, 26 Hun, 518. The power was exercised by the general term in Kinsella v. The Second Ave. R. R. Co., 46 State Rep., 251, 19 N. Y. Supplt., 188, in which the court intimates that the granting of unrestricted orders for the examination of parties in negligence cases leads to great and unnecessary consumption of time and hardship to litigants, without commensurate results, and decided to modify the order by limiting the examination within certain specified bounds.
*372 The right to the examination, is subject, therefore, to the power of the court to confine the scope of the examination to the legal necessities of the party who seeks it. We make these observations because the plaintiff seeks to ascertain from the defendant, the names of the various witnesses who were present at the accident, and the authorities hold that where the object of the examination is to enable the moving party to look up witnesses to be used against his opponent, it will not be allowed (Beach v. Mayor, 14 Hun, 79; Chapin v. Thompson, 16 Ib., 53), nor will the examination be permitted to discover the testimony which the adverse party may be able to give in support of his defence. Fourth Nat. Bank v. Boynton, 29 Hun, 441; Schepmoes v. Bousson, 1 Abb. N. C., 481. If these liberties were allowed, every railroad company might be required by parties prosecuting them for negligence to furnish the names of all their witnesses in advance of the trial, a course not sanctioned in the conduct of civil causes.
We think the examination should be limited to the defendant’s ownership of the elevator, and his relations to the persons who had it in charge at the time of the injury, followed by the disclosure of the name and address of the physician called by the defendant to attend the plaintiff.
This information, seemingly important, is within the peculiar knowledge of the defendant, is material to the plaintiff’s case, the establishment of the facts essential to the recovery sought for, and an examination of the defendant respecting the same substantially a legal right. Carter v. Good, 57 Hun, 116; Sweeney v. Sturges, 24 Ib., 162; Goldberg v. Roberts, 12 Daly, 339 ; S. C., 67 How., 269. In Sweeney v. Sturges, supra, the injury was done by a machine the ownership of which was denied, and the court held that the plaintiff had the right to establish such ownership by the defendant’s examination before trial.
*373 In Goldberg v. Roberts, supra, the copartnership of the defendants was denied, and the court held that the plaintiff was entitled to examine the defendants respecting the same. See also, Glenney v. Stedwell, 64 N. Y., 123. Examinations as to such matters are not experimental merely, but in the nature of the discovery formerly allowed in equity (Glenney v. Stedwell, supra,), although the Code provisions are far more than a substitute for the old bill of discovery. Hynes v. McDermott, 55 How,, 260. The disclosure here sought for is necessary to supply the links in the chain which associate the defendant with the liability charged. The right to examine an adverse party before trial, has frequently been before the courts and has called forth many adjudications upon the subject. This is owing in part to the numerous phases in which the question was presented and the difficulty of applying immutable rules to all cases in which such examinations were claimed. In view of this fact probably the Court of Appeals, in Jenkins v. Putnam, 106 N. Y., 276, said : “ It is one of those matters of practice which should always be left to the discretion of the court of original jurisdiction, and its decision should not be reviewed here unless it appears from its order that the decision was placed upon some ground of law not involving discretion.”
With the modifications suggested the order is right and must be affirmed, but without costs.
Freedman, P. J., concurred.