### WAHLE v. McMILLAN.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

EXAMINATION OF PARTY BEFORE TRIAL—DISCRETION OF COURT—AFFIDAVIT.

The affidavit of a plaintiff executor for examination before trial of a defendant, alleging the discovery in testator's books of an account with defendant, on which plaintiff had sued defendant, some of the words and figures of which were unintelligible to him, presents sufficient facts to give the court jurisdiction to exercise its discretion by allowing the application. 20 N. Y. Supp. 372, affirmed.

Appeal from city court, general term.

Action by Charles G. F. Wahle, as executor, against Samuel McMillan. From an order of the general term of the city court (20 N. Y. Supp. 372) affirming an order of the special term for examination of defendant before trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Gratz Nathan, for appellant.

Edward C. Stone, for respondent.

BOOKSTAVER, J. Appeals from the general term of the city court to the general term of this court are in general governed by the same rules as apply to appeals from the general term of this court to the court of appeals, and that court uniformly refuses to review appeals from orders resting in the discretion of the court below; and, in fact, such appeals are prohibited by section 190 of the Code. An order for the examination of a party, under sections 870–873, has been repeatedly held to rest in the discretion of the judge granting it. In the leading case of Glenney v. Stedwell, 64 N. Y. 120, it was held that, "if the affidavit discloses such a case as gives the judge power to act, what action he will take is discretionary with him, and may not be reviewed here." In Jenkins v. Putnam, 106 N. Y. 276, 12 N. E. Rep. 613, the court said:

"While it is said in section 873 that the judge must grant the order when an affidavit conforming to the requirements of the previous section is presented to

him, yet we do not think that the language is absolutely mandatory, and that it was intended to deprive the judge of all discretion.   \* \* \*   If, from the nature of the action and the other facts disclosed, he can see that the examination is not necessary for the party seeking it, then it cannot be supposed it was the legislative intent that he should be obliged to make the order."

And the court arrived at this conclusion:

"It is one of those matters of practice and procedure which should always be left to the discretion of the court of original jurisdiction, and its decision should not be reviewed here unless it appears from its order that the decision was placed upon some ground of law, not involving discretion."

See, also, Woerishoffer v. Construction Co., 99 N. Y. 403, 2 N. E. Rep. 47; Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. Rep. 62.

It follows that this order cannot be reviewed by us unless there was a total failure of the plaintiff to present to the court below facts on which it could exercise its discretion.   The affidavit presented to the court on which the examination was ordered sets forth that the plaintiff had discovered in the books of account kept, owned, and left by his testator a running account with defendant, which showed items of charges against and credits to defendant, and a balance of $268.42 as due the testator from defendant, with interest from November 16, 1891; and that the action was brought on this book account.   It then goes on to state that some of the words and figures contained in the book account are unintelligible to him, inasmuch as the testator simply entered as a part of the book account the amount due from him to defendant, or the amount due from defendant to him.   This, we think, was sufficient to give the justice granting the order jurisdiction to grant it, especially as the plaintiff was an executor, and the facts must of necessity have been more within the defendant's knowledge than the plaintiff's.   It it not necessary that the affidavit should state a complete cause of action; it is sufficient if it states the nature of the action, and the substance of the judgment demanded; both of which are clearly set forth in the affidavit.   Frothingham v. Railroad Co., 9 Civil Proc. R. 305; Heishon v. Insurance Co., 45 N. Y. Super. Ct. 54.   In Raymond v. Brooks, 59 How. Pr. 383, which was cited with approval in Fatman v. Fatman, 18 N. Y. Supp. 847, it was held that—

"The plaintiff, suing in a representative capacity, and not having personally participated in the matters concerning which inquiry is sought, properly enough asks that he may be allowed to examine one of the defendants, who is reasonably supposed to have the knowledge to ascertain the facts covered by the questions."

And in Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647, it was even admitted by the presiding justice, in his opinion, that the affidavit did not contain the essential requisites in ordinary cases, but continues:

"The rule with regard to the examination of a party before trial is one of discretion. Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. Rep. 62. It is therefore flexible, and must be adapted to and controlled by the facts and circumstances of each case, considered with reference to the relations existing between the parties."

See, also, Goldberg v. Roberts, 12 Daly, 339.

We are of the opinion that in this case, under the peculiar circumstances of it, the justice granting the order had jurisdiction to do so,

and it rested in his discretion to grant the order, or to refuse it. The appeal should therefore be dismissed, with $10 costs and disbursements to respondent. All concur.