In the Matter of the Application of ELIZABETH NOLAN, as Administratrix, etc., of WILLIAM NOLAN, Deceased, Appellant, for Leave to Take and Perpetuate the Testimony of JOSEPH PAYETTE, Respondent.

*Examination of a proposed party, before the commencement of an action, to ascertain the proper parties to be made defendants.*

The administratrix of a workman who had been killed by an accident in a mine in which he was employed, applied for an order to examine, before the commencement of a proposed action against the owners or operators of the mine to recover the damages resulting from the death of her intestate, the person who had employed the deceased, and who controlled and directed the work at the time of the accident, which was alleged to have been caused by the negligence of such person as one of the owners or operators, in order to enable the administratrix to ascertain who were the owners or operators of the mine, so as to determine the proper parties to be made defendants in framing her complaint.

It was stated in the opposing affidavit of the person sought to be examined that he was the superintendent of the mine at the time of the accident.

*Held*, that the superintendent of the mine presumably knew who his employers were and who were engaged in operating the mine; that he would be a proper defendant in the proposed action and was, therefore, a proper person to examine as a party; and, hence, that an order for his examination so limited as to elicit only information as to who would be proper parties defendant was properly granted.

APPEAL by Elizabeth Nolan, as administratrix, etc., of William Nolan, deceased, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Clinton county on the 27th day of October, 1892, vacating an order of a justice of the Supreme Court for the examination of Joseph Payette, as a witness before the commencement of an action.

*Wallace T. Foote*, for the appellant.

*Thomes F. Conway*, for the respondent.

HERRICK, J.:

Elizabeth Nolan is the widow and administratrix of William Nolan, who was killed while employed and at work in and about an iron mine, known as the Nelson Bush mine. Elizabeth Nolan made an application to a justice of this court for the examination, before the

commencement of an action, of Joseph Payette, alleging that her husband, William Nolan, was employed by the said Payette, and while at work in the mine controlled and operated under the direction of the said Payette, Payette negligently, carelessly and unskillfully conducted the business of mining in said mine, where Nolan was employed. That the mine became, by reason of Payette's negligence and carelessness, unsafe and dangerous for the workmen employed therein, particularly to the deponent's intestate, but of which danger said intestate had no notice or knowledge, and that by reason of the negligence and carelessness of Payette in conducting the business of mining, said William Nolan was, without any fault or want of care on his part, killed, by reason of which the deponent has sustained pecuniary loss and damages to the amount of $5,000.

She further alleges in her affidavit, upon information and belief, that one James Vance and one John M. Glidden were interested in common with said Payette, as owners, lessees or otherwise, in the said mine, or in the product thereof. That the sources of deponent's information and grounds of her belief are common repute in and around the neighborhood of the said mine, and from conversations had with the intestate prior to his death, and with others who then worked and are now working in said mine and in other mines in the neighborhood, wherein mining operations were directed by the said Payette.

That she has no other sources of information, except the testimony of Payette, as to the interest of Payette, Glidden and Vance in or to said mine, or as to whether they were in partnership in the operation of said mine. That Vance and Glidden reside in West Virginia. That she has employed attorneys of this court to bring action against said Payette and other parties interested in the said mine, if any there be, to recover the damages sustained by her by the death of her husband.

That the testimony and examination of Payette is necessary and material for her for the prosecution of such proposed action, as she is advised by her counsel, and to enable her to frame her complaint in such action, and afford her an opportunity to discover the facts in relation to the ownership of said mine, and the control and operation thereof at the time of the death of the intestate, so that she

may make the necessary allegations pertinent to the ownership of the mine, or to the possession and operation thereof, and to prove the facts material and necessary to be proved upon the trial.

That the discovery sought is necessary to ascertain the extent of the interests of the said Payette, Glidden and Vance in the said mine, or as to what those interests are, or as to whether said mine is operated by them as partners, or as to whether the said mine is operated by Payette as sole owner or lessee, or as to whether or not Payette, Glidden and Vance are partners in the ownership of the mine, or in the products thereof, or whether there are other interested parties in said mine.

That such facts are within the personal knowledge of said Payette, and not within the knowledge of the deponent.

Upon such affidavit an order was granted for the examination of Joseph Payette. In the order such examination was limited to the determination of what interests the said Joseph Payette had in the mine at the time stated, and what interest Glidden and Vance had in said mine, if any, and whether the said mine was operated by them and Payette as partners, or whether there are other parties interested in said mine.

That after the granting of such order the said Payette, upon his own affidavit and that of his counsel, applied to a Special Term of this court for an order to vacate the order providing for the examination of Payette.

That in his affidavit Payette stated and alleged that there were other persons killed and injured in the same accident by which Nolan lost his life; that the same attorneys who represent the applicant in this case had been retained by the representatives of all the parties killed or injured in said accident to prosecute their alleged claims.

That an action has been commenced by such attorneys in behalf of one of such parties against the Arnold Ore Company; that an answer has been interposed in such action, among other things alleging that such mine was not operated by the Arnold Ore Company at the time of the accident, but was operated by one John M. Glidden. That in that action an order was made requiring Payette to appear and be examined as to the affairs of the said Arnold Ore Company, which order was thereafter vacated and set aside.

He further alleges that he has no interest in the mine or its products, and no ownership or title therein at the time of the accident; that his only interest is simply that of a superintendent of the mining operations therein conducted.   He further alleges that he "has no personal knowledge as to what interest either John M. Glidden or James Vance, or either of them, has in said mine, or had at the time stated."

That at no time prior to the service of the affidavit and order upon him in this proceeding had he been in any way informed by Elizabeth Nolan, or anybody representing her, that she had, claimed or pretended to have any cause of action against him by reason of said accident.   That she had never made any demand upon him for a settlement of the same, or in any way claimed that he was in anywise liable for said accident.   He also alleges in his affidavit that he believes the order was procured in bad faith and for the purpose of annoying him and accomplishing in another way what was sought by the order that was vacated in the other action.

The Special Term upon such application vacated the order for the examination of Payette, and from that order the applicant, Elizabeth Nolan, appeals to this court.

That a person intending to bring an action may examine the proposed adverse parties before a trial, has been decided in *Merchants' Nat. Bank* v. *Sheehan* (101 N. Y. 176).

The appellant in this case states in her affidavit the cause of action, and that she has employed attorneys to prosecute it; that she desires this examination for the purpose, among other things, of preparing the complaint in such proposed action.   That a person is entitled to an examination to discover the facts claimed by him to be necessary to enable him to frame his complaint has been decided in *Glenney* v. *Stedwell* (64 N. Y. 120); *Fatman* v. *Fatman* (45 N. Y. St. Repr. 859); *Raymond* v. *Brooks* (59 How. Pr. 383); *Hutchinson* v. *Lawrence* (29 Hun, 450).

This examination is not sought for the purpose of ascertaining whether the applicant has a cause of action, but to ascertain who the cause of action is against.

It sufficiently appears, I think, from the affidavits, that there is some doubt as to who are the owners or operators of the mine where the accident happened.

It appears from the respondent's affidavit that another action, founded upon the same accident, has been commenced by another party, appearing by the same attorneys who represent the appellant in these proceedings, and that an answer has been interposed denying that the defendant in that action operated the mine at the time of the accident, and alleging that it was operated by one John M. Glidden, one of the very persons that the appellant alleges in her affidavit, she is informed and believes, was interested in operating the mine in connection with another or others; so that it appears from the respondent's own affidavit that a question has arisen as to who operated the mine at the time of the accident, and was responsible for any negligence in such operation.

That it is necessary to enable the appellant to frame her complaint to ascertain who are the proper defendants, who were the owners or operators of the mine at the time of the accident, I do not think can be questioned. The allegation as to who were the owners or operators of the mine is a most necessary and important part of the complaint, and it seems to me that appellant is entitled to an examination to discover such necessary facts. (*Sweeney* v. *Sturgis*, 24 Hun, 162.)

The respondent Payette is a very proper person to examine for that purpose; he is the one who employed the intestate; he was, according to his own affidavit, the superintendent of the mine at the time of the accident, and presumably he knows who his employers were, and who were engaged in operating the mine; he would be a proper person as defendant in the proposed action, and, therefore, a proper person to examine as a party.

His sworn denial of his ability to furnish the information sought is not sufficient to defeat the application, even where that denial is broad enough to cover any or all knowledge upon the subject. (*Davis* v. *Stanford*, 37 Hun, 531–533; *Olney* v. *Hatcliff*, 37 id. 286.)

But in this case the respondent does not say that he has no personal knowledge as to whether Glidden or Vance had any interest in the mine at the time stated; his denial is in this language: "The deponent has no personal knowledge as to *what* interest either John M. Glidden or James Vance, etc.," which is not inconsistent with his having personal knowledge that they had some interest in operating the mine, or were copartners therein.

The order for the examination was so limited in its scope that it could not be used for fishing purposes; it was confined to the eliciting of information as to who were operating said mine at the time of the accident, and would, therefore, be proper parties defendant.

It seems to me, therefore, that the order for the examination was properly granted, and that the order of the Special Term vacating the same, should be reversed, with costs of motion, together with ten dollars costs of this appeal, and printing and other disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, with costs of motion. and ten dollars costs of appeal and printing disbursements.