John Boyle, Plaintiff, *v.* Municipal Gas Company and United Traction Company, Defendants.

(Supreme Court, Albany Special Term, September, 1916.)

Depositions — examination before trial — damages — negligence — actions — motions and orders.

An order for the examination of defendants, in an action to recover for personal injuries, granted upon affidavits stating that it is material and necessary for deponent to examine the officers of the defendants for the purpose of ascertaining which of said corporations was negligent and careless in the maintaining, operating and conducting of its electrical system so

that deponent may prosecute the action against the corporation responsible for his damage, and prepare his complaint, will be vacated and set aside on the ground that plaintiff, being unable to allege the cause of the accident which resulted in injury to him, was unable to allege a cause of action against either of defendants.

Had the order provided for the examination of defendants as to the ownership of the equipment it would be permitted to stand, but the court has no power to modify said order.

THE defendants, appearing by separate attorneys, move for the vacating of an order granted on the 11th day of July, 1916, pursuant to section 872 of the Code of Civil Procedure, for the examination of defendants.

William E. Woollard (Crawford & Cogan, of counsel), for plaintiff.

John E. MacLean (P. C. Dugan, of counsel), for defendant United Traction Company.

Neile F. Towner, for defendant Municipal Gas Company.

RUDD, J.   Each defendant moves for an order vacating an order heretofore granted permitting the examination of each defendant by the respective general managers under the provisions of section 872 of the Code.

The action has been commenced. The complaint is not served. The affidavit upon which the order for examination was granted states that the plaintiff has a cause of action against each defendant, setting forth somewhat in detail the relation which each defendant bears to the conditions which it is alleged caused the accident out of which this action arises.

The affidavit of plaintiff further sets forth as to the

alleged cause of action "that it is material and neces-
sary for this deponent    *    *    *    to examine the offi-
cers of the    *    *    *    defendants    *    *    *    for the
purpose of ascertaining which of said corporations
was negligent and careless in the maintaining, operat-
ing and conducting of its electrical system    *    *    *
so that this deponent may prosecute this action against
the corporation responsible for his damage and pre-
pare deponent's complaint setting forth the true facts
with reference to said cause of action."

The affidavit further alleges " that this action is
pending to recover damages for personal injuries sus-
tained by deponent on the grounds of the *negligence
of one or the other or of both of said defendants.*"

It thus clearly seems that while plaintiff alleges a
cause of action against each defendant the plaintiff,
because of the lack of knowledge as to the respective
ownership of the equipment and as to the exact cause
of the accident, is unable to allege the cause of the
accident.

If he is unable to allege the cause of the accident he
is not able to allege that he has a cause of action
against either of the defendants named.

The defendants move for the vacating of the order
on the ground that plaintiff has not alleged a cause of
action, that at best the allegation is but tentative.

Examination will not be permitted in order that
plaintiff may determine whether he has a cause of
action, and it will not be granted if it appears that
plaintiff can frame his complaint without it.

It has been held that an examination will not be
granted to enable a plaintiff to ascertain which of two
parties was the one liable for personal injuries. *Mat-
ter of Schoeller,* 74 App. Div. 347.

Justice Herrick in *Matter of Nolan,* 70 Hun, 536,
states what seems to be the correct rule, namely that

an examination can be had for the purpose of ascertaining who are the proper defendants, by determining, as in that case, who are the owners and operators of certain machinery or devices, the operation of which it is alleged caused the accident.

Such an order could not be said to be used for fishing purposes.

As was determined in *Glenney* v. *Stedwell,* 64 N. Y. 120, a plaintiff in an action pending may examine the adverse party before service of the complaint for the purpose of obtaining facts on which to frame the complaint.

The plaintiff in his memorandum filed in this action asks " that the parties named (the defendants) be examined so that he (the plaintiff) may ascertain the ownership of the wires, etc., *and the exact cause of the accident in order to enable him to allege the negligence which caused the accident.*"

This statement is justified by the allegations of the affidavit upon which the order under review was granted and clearly indicates that the order violates the rule controlling us. An examination of defendants with a view of endeavoring to ascertain what caused the accident is in reality an effort, by the examination of an adverse party, to learn whether the plaintiff has a cause of action and if so against whom.

Equity requires and justice demands that under the law examinations should be had of those who are possessed of information which will enable a plaintiff to more definitely and clearly set forth a cause of action, thus avoiding unnecessary joining of parties and uncertainty of issues, but, for the reason that the order goes beyond what has been determined to be the right of the plaintiff, the order must be vacated.

If the order provided for the examination of defendants as to ownership of equipment in the opinion of

the court it should stand, but having no power to modify, only to sustain or vacate, an order must be entered vacating the order granted July 11, 1916, without costs.

Ordered accordingly.