Per Curiam.
This action is brought on a certificate or agreement issued by the defendant whereby it agreed to pay to the plaintiff within ninety days after the receipt of proof of death of Edward L. Chaffee, the sum of $10,000 from the death fund (thereafter defined), of the association at the time of such death or from moneys that should be realized to said death fund from the next assessment to be made as thereinafter provided.
The answer alleges, that at the time of the death of the said Edward L. Chaffee, there was no money in the death fund applicable to the payment of the said claim, and that an assessment was made as provided in the certificate which realized the sum of $3,393.90.
*273 It is evident that before the plaintiff can recover she must prove that the death fund amounted to $10,000, or if it did not amount to that sum what amount an assessment would realize, and that such evidence must be obtained from the officers and books of the defendant.
From the nature of the case the plaintiff has not the information necessary to enable her to testify in relation to those facts, and it does not appear that there is any source from which the testimony could be obtained, except from an examination of the officers and books of the defendant, and as before stated the testimony is material to sustain plaintiff’s cause of action.
Nor should the plaintiff be compelled to wait until the trial and then depend upon a subpoena duces tecum. It is not certain that the secretary is the officer who has the necessary information and the plaintiff should not be exposed to the risk of the failure of the officer subpoenaed to be able to testify. We do not wish to be understood as deciding that plaintiff is to have under this order a discovery or inspection of the books of the defendant. The books may be required to be produced as an incident to the examination of the witnesses, Levey v. N. Y. Central R. R. Co., 53 Super. Ct. Rep. 267, so as to make his examination effective. Plaintiff is entitled to such an examination but not to a discovery or inspection of books and papers.
We think the order vacating the order for the examination should be reversed with costs and disbursements and the motion to vacate denied with ten dollars cost.