### BLOOM *v.* POND'S EXTRACT CO.

*(Superior Court of New York City, Special Term.* September, 1891.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—OFFICER OF CORPORATION.

   In an action against a corporation on a contract, an order for the examination before trial of an officer of defendant will be granted in order that plaintiff may ascertain if the person who made the contract on behalf of defendant had authority to make it, as that fact is peculiarly within the knowledge of defendant.

2. SAME—PRODUCTION OF BOOKS AND PAPERS.

   On an examination before trial of an officer of defendant corporation, the officer will not be required to produce books and papers for inspection, but only in aid of the memory of the witness concerning the facts as to which his examination is desired. *Black* v. *Curry*, 1 Civil Proc. R. 193, followed.

At chambers. Action by Moses E. Bloom against the Pond's Extract Company to recover $500 damages for breach of a contract whereby defendant employed plaintiff to repaint the signs of defendant along the line of the New York, New Haven & Hartford Railroad, between New York city and the city of Bridgeport, Conn. Plaintiff procured an order for the examination before trial of defendant, through its treasurer, Edward O. Stanley, so as to enable plaintiff to prepare for trial, which order defendant moves to vacate.

The affidavit on which the order was procured was as follows: "Moses E. Bloom, being duly sworn, says: That he is the plaintiff above named, and that he resides at No. 347 East Fifty-First street, in the city of New York, and his attorneys in this action are Messrs. Mooney & Shipman, whose office address is No. 5 Beekman street, New York city. That this action was commenced on the 13th day of May, 1891, by the service of the summons herein on the defendant. That the defendant appeared herein on the 22d day of May, 1891, by Messrs. Billings & Cardozo, its attorneys, whose office address is No. 120 Broadway, New York city. That defendant is a domestic corporation, and that its principal office for the transaction of business is at No. 76 Fifth avenue, in said city. That the complaint herein was served on June 10, 1891, and defendant's answer thereto was served on July 1, 1891. That this action is brought to recover damages in the sum of five hundred dollars for breach of contract arising out of the following facts and circumstances, al-

leged in the complaint herein, as follows:  On or about the 27th day of April, 1891, the defendant entered into an agreement with the plaintiff, this deponent, for the repainting by the plaintiff of all the signs of the defendant along the route of the New York, New Haven & Hartford Railroad between New York city and Bridgeport, Connecticut, for which the defendant agreed to pay the plaintiff two cents a square foot for each and every square foot of said signs so agreed to be repainted; that the said signs contained about 25,000 square feet of surface; that the plaintiff has always been ready and willing to perform the said agreement, and has duly offered to carry out and perform the same, but the defendant has refused to allow him so to do, and has broken said agreement, to plaintiff's damage in the sum of five hundred dollars. That the defendant in its answer admits it is a domestic corporation, but denies the employment alleged in the complaint, admits that it has refused to employ the plaintiff as stated in the complaint, and denies that it has broken any agreement made by it with the plaintiff. That in making said agreement the plaintiff, this deponent, had consultations with one Evans, an official in defendant's office and place of business, relative thereto and the terms thereof, and was directed and authorized by said Evans to do said repainting for defendant, and pursuant to said direction and authorization said agreement was made, and this action is based thereon. That plaintiff, this deponent, has no means of evidence or information as to the extent and scope of the employment, duty, powers, and authority of said Evans under and on behalf of said defendant in relation to said agreement, and such evidence and information lies particularly within the knowledge of the defendant. That deponent through his attorneys has requested that defendant admit the authority of said Evans to make the agreement set forth in the complaint herein, but defendant's attorneys have declined to comply with said request, as appears from the letters annexed hereto. That plaintiff, this deponent, is advised by his counsel, and verily believes, that an examination of defendant through Edward O. Stanley, who is the treasurer of the defendant corporation, and an inspection of any and all agreements or contracts of employment made between said defendant or its officers or directors and said Evans prior to the 27th day of April, 1891, and also all books of minutes and other records of said defendant relating to the employment, appointment, or authority of said Evans by the defendant, and in respect to the nature and scope of the duty, powers, and authority of said Evans under and in behalf of said defendant, and especially as to his power and authority to direct, authorize, or make said agreement, is indispensably necessary to plaintiff to enable him to prepare for trial in this action, and plaintiff is unable to procure such evidence and information other than by the examination of the defendant through its said treasurer and the inspection of said books and records aforesaid. That deponent verily believes that the said Edward O. Stanley, the treasurer of the defendant, has full knowledge as to the right and authority of the said Evans to bind the defendant in respect to said contract or agreement, and that deponent's belief is based upon the facts that said Stanley is one of the directors and the treasurer of the defendant, and, as such, verified the answer of the defendant herein, and upon certain letters written by said Stanley on behalf of the defendant to deponent's attorneys herein, which have been exhibited to deponent, and which now remain in the hands of said attorneys. That this application is made in good faith for the very purpose stated, and none other; and deponent intends to use the testimony to be taken on the trial of this action; and that no previous application has been made for the accompanying proposed order."

The order for the examination was as follows: "Ordered, that the defendant through Edward O. Stanley, its treasurer, appear and attend before me, or one of the other judges of the superior court of the city of New York, on the 8th day of September, 1891, at 12 o'clock noon, at the chambers thereof, at the county court house in said city, and there submit to an examination con-

cerning the matters stated in said affidavit, and that said Edward O. Stanley be examined and his deposition be taken before trial, to enable the plaintiff to prepare for trial in this action, pursuant to sections 870–875 of the Code of Civil Procedure, and that the defendant, through Edward O. Stanley, its treasurer, then and there produce any and all agreements or contracts of employment made between said defendant or its officers or directors and one Evans, mentioned in the annexed affidavits, prior to the 27th day of April, 1891, if any there be, and also all books of minutes and other records of said defendant relating to the employment or appointment of said Evans by the defendant, and that it give to the plaintiff an inspection and copy thereof. Service of a copy of this order and the annexed affidavits on said Edward O. Stanley, the treasurer of the defendant, and on the attorneys for the defendant, on or before the 31st day of August, 1891, will be deemed sufficient. *Dated N. Y., August* 19, 1891."

*Mooney & Shipman,* for plaintiff.    *Billings & Cardozo,* for defendant.

McADAM, J.   The necessity for the examination of the defendant's treasurer as a witness before trial is that the fact sought to be proved, *i. e.*, whether Evans, who made the contract on behalf of the defendant, had authority to make it, is peculiarly within the knowledge of the defendant.  *Manufacturing Co.* v. *Sutro,* (Sup.) 6 N. Y. Supp. 384.   The plaintiff need not allege that there are no other witnesses by whom the fact may be proved.   *Videtto* v. *Dudley,* (Super. N. Y.) 4 N. Y. Supp. 437.   The plaintiff has made out a fair case for the examination required.   *Bradley* v. *De Goicouria,* 12 Daly, 397; *De Witt* v. *McDonald,* 1 Civil Proc. R. 86, note; *Herbage* v. *City of Utica,* 109 N. Y. 81, 82, 16 N. E. Rep. 62.   The examination must proceed on September 14th, at 12 M.   The defendant's treasurer need not produce the books or papers referred to in the order, (*Levey* v. *Railroad Co.,* 53 N. Y. Super. Ct. 267,) except as decided in *Black* v. *Curry,* 1 Civil Proc. R. 193.   There is a conflict in the authorities, but the cases cited seem to be in keeping with the present understanding of the practice.   No costs.