## DOUGLASS v. MEYER.

(Superior Court of New York City, Special Term.    April 25, 1892.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

Plaintiff, having been struck by an elevator while passing defendant's store, sued for damages.    The answer was a general denial.    Plaintiff wished to ascertain, by examination of defendant before trial, the name of the physician who attended him, the names of the various witnesses, and of defendant's servants who were operating the lift, and also whether defendant was the owner of the lift.    None of these matters were known to plaintiff, but were, as alleged, within the knowledge of defendant.    The affidavit under which the order for such examination was demanded showed, as required by Code Civil Proc. § 872, that the examination was material and necessary. *Held*, that the order was properly made.    Chapin v. Thompson, 16 Hun, 53, and Beach v. Mayor, etc., 14 Hun, 79, distinguished.

Action by John Douglass against Henry J. Meyer.    Defendent moves for vacation of an order requiring him to submit to examination as a witness before trial.    Denied.

For decision of the general term modifying and affirming the order, see 20 N. Y. Supp. 435.

James Forrest, for the motion.
E. K. Kissam, opposed.

GILDERSLEEVE, J.    This is a motion to vacate an order for the examination of defendant before trial.    The plaintiff was struck by an elevator lift while passing in front of 73 Warren street, and rendered unconscious.    He brought this action against the defendant, as the owner of the lift, for damages on account of such injury.    The answer denies that the defendant has any knowledge or information sufficient to form a belief as to most of the allegations of the complaint, and denies the rest on information and belief.    The plaintiff, at the time of the accident, and before he was taken home, was attended by a physician in the store of the defendant, where he was carried immediately after the accident.    Plaintiff desires to ascertain, by the examination of defendant before trial, the name of this physician, and the names of those who witnessed the accident, and the names of the servants of defendant who were operating the lift at the time of the accident, (none of which names are known to plaintiff, but, as plaintiff alleges, are within the knowledge of defendant,) as the evidence of those people will be necessary to plaintiff on the trial.    Plaintiff desires, also, to ascertain from defendant whether or not defendant was the owner of the lift at the time of the accident.    The affidavit upon which the order was granted is sufficient as to form, (Code Civil Proc. § 872)[1] and the

---

[1] This section provides that the affidavit must show (4) the name and residence of the person to be examined, and that the testimony of such person is material and necessary.

undisputed allegations warrant the granting of the order. It appears that the examination is material and necessary; that the application is not one for the purpose of extracting evidence from defendant by unnecessary procedure; and its good faith cannot be seriously questioned. It therefore seems that, in the furtherance of justice, the examination should be directed. Hardy v. Peters, 30 Hun, 79. The power of the court to vacate the order is not questioned. Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. Rep. 613. But that power is discretionary, and I do not think this is a proper case in which to exercise it.

The case of Chapin v. Thompson, 16 Hun, 53, cited by the learned counsel for the defendant, is not in point; for the opinion in that case, after reciting the fact that the court is not bound, under section 873 of the Code, to grant the order in every case where the application is formally correct, (see, also, on this point, Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. Rep. 613,) held that an order will not be granted where the applicant only seeks to find out what the·opposite party will swear to, so as to enable him to prepare to meet and overcome it. That is not the case at bar, for here the plaintiff desires merely to learn the names of those who saw the accident, in order to call them as witnesses on the trial; and also he desires to know if the defendant is the owner of the lift, as in his answer the defendant seems to leave this in doubt. Nor does the case of Beach v. Mayor, etc., 14 Hun, 79, urged by defendant's counsel, apply to this case; for there the affidavits failed to state that the testimony sought was material and necessary for the party making the application; whereas here there is no such defect in the affidavit.

Motion to vacate the order denied, without costs.