81  496
31ap629

81h 496
58ad 96

81h    496
39 Mis¹240

FRANCIS V. GREEN, as President of the Board of Officers of the Seventy-first Regiment, N. G. S. N. Y., Respondent, *v.* FREDERICK B. CAREY, Appellant.

*Discovery — examination of a defendant before service of a complaint — restriction imposed thereon — direction to produce books.*

The provisions of the Code of Civil Procedure confine the examination of a party to an action to the purpose of eliciting information which will enable the plaintiff to frame his complaint, or will be used on the trial, and not for the purpose of determining whether the plaintiff has one or the other of two causes of action.

The most that a plaintiff can claim before the service of the complaint is the right to examine the defendant, and it is improper for the order directing the examination of a defendant to direct the production of his books.

If, for the purpose of testifying, resort to the books is necessary, the proposed defendant will be required to refer to the books for the purpose of giving the desired information.

APPEAL by the defendant, Frederick B. Carey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1894, denying the defendant's motion to vacate an order made in the action directing the examination of the defendant and the production of his books and papers.

The defendant entered into a contract with plaintiff, by the terms of which the privilege was accorded him of obtaining advertisements to be inserted in a souvenir volume, and as a consideration for such privilege the defendant agreed at his own expense to print and deliver to plaintiff 3,000 copies of the book, and in addition to pay twenty-five per cent of the gross amount received for advertisements. The plaintiff alleges that but 1,000 copies of the book were ordered, printed or delivered; that the defendant failed to keep accurate books of account of his receipts, or to pay the proportion thereof that was due the plaintiff, and that he unlawfully solicited subscriptions for furnishing the armory, for which he has never accounted. The affidavit then states: "That the action which deponent is about to bring against the defendant on behalf of said Board is to compel said Carey to specifically complete his contract, and to recover moneys due under said contract, and to recover subscriptions unlawfully collected by him   *   *   *   and the examina-

tion of said defendant is absolutely necessary in order that he may prepare his complaint."

*Abram Kling,* for the appellant.

*Henry S. Van Duzer,* for the respondent.

PER CURIAM :

It is evident from a reading of the affidavit, and considering the form of action contemplated, that all the facts necessary to formulate the complaint are within the plaintiff's knowledge. It may be that for the purposes of a trial an examination of the defendant may be necessary, but in order to prepare a complaint no facts in addition to those that the plaintiff swears to would be necessary, assuming, as the portions of the affidavit quoted would seem to indicate, that the plaintiff intends to bring a suit in equity for specific performance and an accounting. The plaintiff claims, however, that he is in doubt as to whether he shall bring such an action or one at law, and that the examination is required in order that he may determine this question. We do not think he is entitled to any such relief, the provisions of the Code of Civil Procedure confining examinations of parties to the eliciting of information which shall enable a plaintiff to frame his complaint, or for use on the trial, and not for the purpose of determining whether he has one or the other of two causes of action.

The order is also improper in that it directs the production of the defendant's books, the most that the plaintiff could claim being the right to examine the defendant, and if in that connection, for the purpose of testifying, resort to the books were necessary, the defendant would be required to refer to the books for the purpose of giving the desired information. Considerable latitude is always permitted with respect to the examination of an agent by a principal, or by one towards whom the person being examined stands in a fiduciary relation, where the facts are peculiarly within the knowledge of the one under examination ; but the rule permitting such latitude does not go to the extent of allowing a person to ascertain all the defendant's evidence with a view to selecting one of two causes of action against him. As the plaintiff here has

sufficient information, as shown by his affidavit, to frame a complaint in a suit in equity, he should not, upon the ground that perhaps he might bring an action at law, be permitted to speculate upon the results of the examination of the defendant and his books, or the facts that he might unearth thereby.

We think that the affidavit upon which the order was granted was insufficient and the order itself too broad, and that for these reasons the order should be reversed, with ten dollars costs and disbursements, but without prejudice and with leave to plaintiff to renew the application upon proper papers after he has determined the form of his action, if he can show that any information peculiarly within the knowledge of the defendant is essential to enable him to frame his complaint or necessary for use upon the trial.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, but without prejudice and with leave to plaintiff to renew application upon proper papers.