(12 Misc. Rep. 65.)

### DRAKE v. WEINMAN & CO.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

1. DISCOVERY—EXAMINATION OF PARTY—PENDENCY OF ACTION.
     Under Code Civ. Proc. § 872, a discovery may be granted before the action is commenced.

2. SAME—PRODUCTION OF BOOKS AND PAPERS—OFFICERS OF CORPORATION.
     The officers of defendant corporation will not be required, on their examination before trial, to produce books and papers for inspection, but they can do so in aid of their memory.

3. SAME—FIDUCIARY RELATIONS.
     An order for examination of a party before trial will not be denied on the ground that it appears that plaintiff was in possession of sufficient material to prepare his complaint, where plaintiff demanded an accounting, and a fiduciary relation, or the relation of principal and agent, exists between the parties, and the facts are peculiarly within the knowledge of the party sought to be examined.

Appeal from special term.

Action by Walter S. Drake against Weinman & Company, a corporation.   From an order denying a motion to vacate an order for the examination before trial of certain of defendant's officers, defendant appeals.   Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and GIEGERICH, JJ.

Howe & Hummel, for appellant.

L. Kargé, for respondent.

GIEGERICH, J.   The defendant is a corporation organized under the laws of the state of New Jersey, doing business in the city of New York, and claims its business to be "the purchase and sale of stocks and bonds."   The plaintiff resides at Brockton, in this state, and, in his affidavits to procure the examination of certain of the defendant's officers before trial, he, in substance, alleges that prior to February 27, 1894, he received from the defendant company a circular or prospectus setting forth the alleged advantages to be derived by the investment of money in what was therein styled as their "Special R. R. Stock Syndicate," for dealing in stocks, it being therein stated that said alleged syndicate had been operated in the past by the defendant company at a great profit; that still greater profits were to be expected in the future from investment therein according to the plan referred to in such prospectus; that the defendant company was a broker engaged in buying and selling stocks, grain, etc., and had unusual facilities for dealing in the stocks embraced in said alleged "Special R. R. Stock Syndicate"; that they would use their best endeavors as agents and brokers for the benefit of persons intrusting them with money for investment therein, and would render, when desired, full accounts of all deals or transactions made; that the plaintiff, believing their representations to be true, and relying thereon, at various times between February 25 and July 20, 1894, sent to and deposited with the defendant company sums of money amounting in the aggregate to $2,800, to be used and invested by it as his agent and broker in

the alleged "Special R. R. Stock Syndicate"; that the plaintiff, during the course of his dealings with the defendant company, received from it $1,124.50, which he was informed were the profits from his investments, and on or about the 21st day of October, 1894, he received from the defendant company its check for $420, which was stated to be the balance of the moneys deposited by him, after deducting alleged losses; that plaintiff has requested the defendant company to give him an account of the moneys so deposited for investment, and to account therefor, but it has refused to do so, except by a general statement of account; that the defendant company has refused to allow plaintiff to examine its books, papers, or accounts supposed and alleged to contain an account of the transactions or dealings had by it as his agent and broker; that from such information as he has been able to obtain he believes, and, on information and belief, alleges, that such general statement of account so rendered to him was false and untrue, and did not correctly state the transactions had by the defendant company for the plaintiff, if any transactions were in fact actually made or had, or that no transactions were really made or had by the defendant company, as the agents and brokers of the plaintiff, and with his money, but the statement so rendered was one simply of pretended purchases and sales, no purchases and sales being in fact ever made, and the whole consummated in pursuance of a cunningly devised scheme to delude and defraud plaintiff and deprive him of his money; that the defendant company, if it actually did buy or sell any stock for the plaintiff, failed to use its best endeavors in his behalf, but acted solely for its own interests. The plaintiff seeks an examination of the officers of the defendant company, and production of its books, papers, and accounts, because, as plaintiff swears, he does not know, and has no means of ascertaining, the manner in which his said money was invested by the defendant company, if it was invested at all, or how the same was in fact used, the knowledge thereof being entirely within its own possession, and presumably contained in its books, papers, and accounts, and that it is material and necessary that plaintiff should know the facts and particulars in regard to said transactions, in order to properly frame his complaint herein. Upon the foregoing facts an order was granted, the material portions of which are as follows:

"It is ordered that said Charles Landsberg, Mark Bloomingdale, and Charles Weinman, aforesaid, be examined, and their deposition taken pursuant to sections 870, 871, 872, and 873 of the Code of Civil Procedure, and that for such purpose they attend before * * * [naming referee, and the time and place of examination], and that they, and each of them, then and there produce for examination and inspection, at the time and place aforesaid, the books, papers, and accounts of the said defendant, showing all the dealings or transactions had or made by it as the agent or broken of the said plaintiff," etc.

A motion was made to vacate the order, based upon five grounds, which will be stated and considered seriatim.

1. That the action had not been commenced, and was not pending, at the time the order was obtained and served. To this it need

only be said that the statute does not require that the action should be pending. On the contrary, section 872 of the Code of Civil Procedure expressly provides for cases where "an action is not pending, but is expected to be brought." The case of Manufacturing Co. v. Pettingill, 2 Abb. N. C. 162, relied upon by the appellant, was decided under section 391 of the old Code, which contained no equivalent of the language just quoted from the present section 872.

2. That the order for examination and production of defendant's books could only be made on notice to the defendant, and could not be allowed ex parte. This objection rests upon a misapprehension of the meaning of the order. Subdivision 7 of section 872 makes provision in cases where, as here, the party is a corporation, and the witnesses to be examined are officers, for the production of books and papers, "as to the contents of which an examination or inspection is desired." This means an examination and inspection by the witnesses upon their oral examination, to enable them to answer proper inquiries, as upon a trial. It is well settled, upon authority, that an inspection and discovery, with the privilege of copying, by an adverse party, can only be had under, and in the manner provided by, sections 803–809 of the Code. Dick v. Phillips, 41 Hun, 603; McGuffin v. Dinsmore, 4 Abb. N. C. 241; Black v. Curry, 1 Civ. Proc. R. 193; Levey v. Railroad Co., 53 N. Y. Super. Ct. 267. And it is equally well settled that in a proper case a witness may, under section 872, subd. 7, be required to produce books and papers as an adjunct to his oral examination, and to refer to them for the purpose of making his examination more effective. Talbot v. Doran & Wright Co. (Com. Pl. N. Y.) 9 N. Y. Supp. 478; Levey v. Railroad Co., supra; Chaffee v. Association (Super. N. Y.) 2 N. Y. Supp. 481; Bloom v. Extract Co. (Super. N. Y.) 18 N. Y. Supp. 179; Fenton v. Dempsey, 10 N. Y. St. Rep. 733; Black v. Curry, supra.

3. That the affidavit alleged the plaintiff's cause of action to be an accounting, and the facts shown clearly proved that the plaintiff was in possession of ample material to prepare a complaint. Conceding, for the sake of argument, that all this is so, we must nevertheless sustain the order. Where a fiduciary relation, or the relation of principal and agent, exists, and the facts are peculiarly within the knowledge of the one sought to be examined, his duty is one of full disclosure, and the technical rules applicable to such orders are relaxed. Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647; Miller v. Kent, 59 How. Prac. 322, 10 Wkly. Dig. 361; Talbot v. Doran & Wright Co., supra; Fatman v. Fatman (Com. Pl. N. Y.) 18 N. Y. Supp. 847; Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8. As was said by Chief Judge Daly in Talbot v. Doran & Wright Co., supra,—a case which was singularly like the present one in many of its features: "The principal has a right to know the facts in advance of the trial, in order to investigate such transactions, and make preparations for the trial."

4. The material allegations of the affidavits were all on information and belief, neither the source of the information nor the grounds of the belief being stated. Here, again, the principle of

the cases last cited is applicable, and we cannot do better than quote once more from the opinion in Talbot v. Doran & Wright Co., supra:

"The objection that the allegations of the plaintiff's affidavits are upon information and belief, and that there is a mere suspicion or conjecture as a basis for the examination, is not a sound ground, under the circumstances of this case. The plaintiff is entitled to the information he seeks from his brokers, and is not bound to make out a case against them, as a condition of the examination."

5. On the merits, as shown by the defendant's affidavits, no examination should be allowed. Bloomingdale, in his affidavit, says, "The account which I annex and make part hereof is a true and just statement, and furnishes all the information that the plaintiff could possibly obtain upon an examination." The account referred to is a most meager one, taken—so it is said in the subsequent affidavit of Weinman—from the ledger, and does not disclose the names of the persons with whom the alleged transactions were had. It was therefore useless as affording the plaintiff a clue by which he could follow up and investigate the alleged purchases which were claimed to have resulted in such disastrous losses. After Bloomingdale's denial that any further information could be had upon an examination, and after the counter affidavits of stockbrokers that reputable men in their business keep books which contain the names of persons to whom stock was sold, and of whom it was bought, and other details of each transaction, Weinman, in his said affidavit admits that the "names do appear in the stock purchase and sales books   *   *   *   and on original contracts in the possession of the defendant," and then proceeds to make tardy profession of his willingness to permit an inspection at defendant's place of business. The language of Judge Davis, in Miller v. Kent, supra, seems just in point:

"A commission merchant or broker has no right to conceal from his customer any portion of his business and dealings in relation to the property alleged to have been bought and sold; and, where he withholds the fullest information on that subject, the right to examine before trial, in an action brought to recover alleged profits or to adjust the unsettled accounts, should be fully accorded. We are not at all satisfied with the good faith of the alleged proffers of the examination of the defendant's books, etc. The disingenuousness of the attempt thus to defeat the examination of defendant as a witness must have struck the court below as it does this court."

Under all the circumstances, we do not think that the plaintiff should be compelled to accept an inspection in place of the examination of the witnesses in connection with the books. For obvious reasons, the one remedy might not prove as effective as the other. For these reasons the order appealed from should be affirmed, with costs. All concur.