GREEN, Respondent, v. NORTHERN STEAMSHIP CO., Appellant. (Superior Court of Buffalo, General Term. January 15, 1895.) Action by Lawrence Green against the Northern Steamship Company. E. C. Robbins, for appellant. John Laughlin, for respondent.

Per WHITE, J. Judgment affirmed. No opinion written for affirmance.

HATCH, J. (dissenting). The contract sued upon might have been performed within one year from the time it was made, consequently the statute of frauds is not available to defeat plaintiff's right to recover. Lockwood v. Barnes, 3 Hill, 128; Kent v. Kent, 62 N. Y. 560-564. But I think the plaintiff must fail from insufficiency of proof to establish his case. The establishment of the contract rests upon plaintiff's testimony alone, without the slightest corroboration either of statement or circumstance. The defendant met the testimony of plaintiff by an entire denial, through its agent with whom the contract was claimed by plaintiff to have been made. Plaintiff was also contradicted by other witnesses respecting some circumstances connected with his own conduct regarding the business which he had contracted, as he claims, to perform. The record does not show any fact or circumstance which tends to discredit defendant's testimony. And the same is true of plaintiff, except in so far as he was contradicted by witnesses respecting his acts after it is claimed the contract was made. The burden of proof to establish his cause of action rested upon plaintiff, and it cannot be said to have been so established when his statement is met by a denial as broad as the claim, and there is nothing to discredit the statement of either party, except the difference between them. Syms v. Vyse, 2 N. Y. St. Rep. 106; approved in Smith v. Gunn (Sup.) 12 N. Y. Supp. 808. The rule is recognized that very slight circumstances tending to corroboration of plaintiff or to the discredit of his opponent carry the case to the jury. But in this case nothing of the kind appears, and, so far as the discredit went, it was against plaintiff. I therefore reach the conclusion that the judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.

GREEN v. SCHROEDER. (City Court of New York, General Term. June 25, 1895.) Appeal from special term. Action by Sidney Green against Edward S. Schroeder. Vanderpoel, Cuming & Goodwin, for appellant. D. J. M. O'Callaghan, for respondent.

CONLAN, J. Appeal from an order sustaining a demurrer, and from an interlocutory judgment thereon entered. We think the court erred in sustaining the demurrer to the second separate defense in the answer. Neely, on the trial, will have to show substantial performance on his part before he or his assignee can recover back the money advanced to Saltus. Exhibit A refers to Exhibit B, and Exhibit B refers to Exhibit A. They are inseparable in law, and must be read as construed together. The judgment and order appealed from must be reversed, and demurrer overruled, with costs.

GREENE v. CAREY. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Frances V. Greene against Frederick B. Carey. No opinion. Motion granted, with $10 costs. See 31 N. Y. Supp. 8.

HART, Respondent, v. McSYWGAN et al., Appellants. (City Court of New York, General Term. June 25, 1895.) Action by Charles F. Hart against Frank McSywgan and another. Davenport & Leeds, for appellants. Ernest Hall, for respondent.

NEWBURGER, J. In the month of May, 1893, the defendants employed the plaintiff to do the work and furnish the material necessary in setting two boilers and an engine at Elizabethport, and to do some mason work at Brewsters, and in the city of New York. The main dispute seems to be that the defendants contend that plaintiff overcharged them for the work and material at Elizabethport. The trial resulted in a verdict in favor of the plaintiff for $494.14, and from the judgment entered upon the verdict, and the order denying defendants' motion for a new trial, this appeal is taken. A careful reading of the printed case fails to disclose any errors that would warrant us in disturbing the verdict of the jury. The contention of the appellants' counsel that the admission of the testimony showing the custom among masons of paying car fares and board was error is untenable. The custom seems to have been well known to the trade, and defendants had knowledge of the custom, as is shown by the estimates submitted by the plaintiff prior to his acceptance of the contract from the defendants. The judgment and order appealed from must be affirmed, with costs. All concur.