## BYRNES v. LADEW et al.

(Supreme Court, Special Term, New York County. January, 1896.)

DISCOVERY—EXISTENCE OF CAUSE OF ACTION.

An order for the examination of a party before trial will not be granted where the purpose of it is to ascertain whether a cause of action exists against the party sought to be examined.

Action by John Byrnes against Edward R. Ladew and Joseph H. Ladew. Defendants moved to vacate an order for their examination before trial. Granted.

Martin & Smith, for the motion.

Booth & Deane, opposed.

PRYOR, J. As the defendants move, upon plaintiff's own papers, to vacate the order for their examination before trial, the application, although on notice, is properly heard at part 2 of the special term. Code, § 772, last clause; Sturz v. Fischer (Sup.) 36 N. Y. Supp. 893. The complaint exhibits a cause of action against defendants for injury from a defective elevator. Upon allegations, in an affidavit, that the plaintiff is unable to "ascertain" whether the defendants or somebody else are responsible for his injury,—in other words, whether he has a cause of action against them,—he proposes to examine them "to ascertain" the fact of their liability. As said by Bartlett, J., in Churchman v. Merritt, 51 Hun, 375, 377, 4 N. Y. Supp. 245:

"It would seem that the real purpose in the examination of the defendant is not to obtain knowledge of facts which will facilitate the statement [or proof] of a known and ascertained cause of action, but is rather to find out whether any cause of action whatever really exists in her behalf against these defendants. Under these circumstances, an examination of the defendant before trial is not authorized by the statute. To sanction it would be to permit investigations of the most harassing character, and give rise to a practice liable to great abuse."

See Britton v. MacDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350; Winston v. English, 44 How. Prac. 398.

The cases cited contra are not of authority to overthrow this principle. Sweeney v. Sturgis, 24 Hun, 162, was a decision by a divided court. Douglass v. Meyer (City Ct. N. Y.) 21 N. Y. Supp. 1091, was a ruling at special term. In Re Nolan, 24 N. Y. Supp. 238, 70 Hun, 536, the application was, before action brought, to take and perpetuate testimony; but, even as such, I question its propriety, since, surely, it was never the policy or purpose of the statute to permit an experiment of discovery whether a plaintiff have a cause of action against any person whom he may be pleased to implead and subject to the inquisition. A party may examine his adversary in order to frame his pleading, or complete his proof, but not to ascertain whether he has a cause of action or a defense against that adversary.

Motion granted.