**449** MULHERN vs. CIRCUIT JUDGE (Kent), No. 15903; 3 D. L. N., 769; 70 N. W., 15.

To vacate an order dismissing proceedings for the taking of defendant's testimony, in a suit in which relator is plaintiff, under Act No. 181, Laws of 1895.

Denied February 2, 1897, with costs.

Before filing the declaration relator had given a notice to which was attached an affidavit, stating that discovery was sought to enable plaintiff to plead. Defendant moved to dismiss; an order was entered staying proceedings, but pending decision plaintiff filed her declaration, and, after issue joined, made a second attempt to bring defendant before a circuit court commissioner.

The court dismissed the proceedings under both applications.

Respondent insisted (1) that the title to the act provides for proceedings for discovery and for the examination of parties to such proceedings; that the title limits the discovery to cases where the discovery might have been obtained in equity, but the body of the act provides for the compulsory examination of an adverse party, although no necessity exists for discovery, and the act is therefore unconstitutional. Edwards vs. Wakefield, 6 Ell. & Bl., 461; Pye vs. Butterfield, 5 Best. & Smith, 828-836; Glenny vs. Stedwell, 64 N. Y.,

120-123; In re Hauck, 70 M., 396; People vs. Gadway, 61 M., 285; Stewart vs. F. M. Soc., 41 M., 67; People vs. Congdon, 77 M., 351; Eaton vs. Walker, 76 M., 579; N. W. Mnfg. Co. vs. Circuit Judge, 58 M., 381 (618). (2) That the proceedings here instituted are not proceedings for discovery and no attempt is made to show their necessity; that the right to discovery from an adversary is confined to such matters as are material, and does not extend to matters in support of the other party's case; Wilson vs. Webber, 2 Gray, 558; Pepiatt vs. Smith, 3 Hurlst & Colt, 129; Edwards vs. Wakefield, 6 Ell. & Bl., 461; Bird vs. Kreiser, 27 N. Y., 425; that a "fishing bill" could not be maintained under the former practice, Jenkins vs. Putnam, 106 N. Y., 272; that an examination will not be allowed where the real purpose is to ascertain whether any cause of action really exists in plaintiff's behalf against defendant, Churchman vs. Merritt, 51 Hun., 375; Green vs. Cary, 81 Hun. 496; Britton vs. McDonald, 23 N. Y. S., 350; Byrnes vs. Laden, 36 N. Y. S., 1048; Morris vs. Parr, 6 Best & S., 201.