(23 Misc. Rep. 38.)

### NEW YORK STATE BANKING CO. v. VAN ANTWERP.

(Supreme Court, Special Term, Onondaga County.   March, 1898.)

1. DISCOVERY—EXAMINATION OF PROPOSED DEFENDANT.
    The provisions of the Code allowing examination of proposed parties defendant do not permit such examination for the purpose of ascertaining what defendant will swear to, and whether an action can be maintained against him.

2. SAME.
    A cause of action must be shown before plaintiff will be granted an order for the examination of a proposed party defendant.

3. BILLS AND NOTES—PARTIES—AGENTS.
    A person cannot be held as principal on notes signed by another in his own name, as agent.

Motion by Mary A. Van Antwerp to vacate an order made on the application of the New York State Banking Company, directing an examination of movant as an expected party defendant in an action yet to be brought.    Granted.

H. M. Van Bergen, for the motion.
C. G. Baldwin, opposed.

HISCOCK, J.    The affidavit upon which the original order of examination was made, among other things, sets out, in substance, that the above banking company is the holder of two certain promissory notes each made by "S. Van Antwerp, Agent," and upon which action is about to be brought in the supreme court against Mary A. Van Antwerp; that for several years the said S. Van Antwerp who executed said notes has been conducting a business under the name of S. Van Antwerp, agent; and that at the time said notes were made, and prior thereto, the said S. Van Antwerp, who is the husband of the said Mary A. Van Antwerp, frequently stated to said banking company that he was conducting the business in question as agent for his said wife; that, since the maturity of said notes, said banking company "is informed and verily believes that said Mary A. Van Antwerp states and claims that her husband was conducting said business without authority from her."    There is nothing in said notes or in the affidavit in question, other than above, to show that the same were made in behalf of said Mary A., or that she was in any way a party thereto.

Independent of the question hereinafter discussed, I doubt if this is a case where the petitioner was entitled to an examination of the expected adverse party.    An examination of the affidavit seems to lead to the conclusion that the plaintiff has determined to bring its action, and that it is possessed of all the knowledge necessary for that purpose, and to frame its complaint thereunder, and that the real purpose of the examination is to see what the proposed defendant will swear to upon the subject of her husband's alleged agency, and whether an action can be successfully maintained against her upon the theory of such agency.    While it is difficult to reconcile the many decisions upon this subject, it seems to be pretty well settled that such a purpose is not contemplated or provided for by the provisions of the

Code under review.　Churchman v. Merritt, 51 Hun, 375, 377, 4 N. Y. Supp. 245; Pots v. Herman, 7 Misc. Rep. 4, 27 N. Y. Supp. 330; Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8; Byrnes v. Ladew, 15 Misc. Rep. 413, 36 N. Y. Supp. 1048.

There is, however, another objection to the granting of the order which seems to be insuperable.　It is essential that, in order to secure such an order, it was incumbent upon the petitioner to show that it had a cause of action against the proposed defendant.　Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118; Churchman v. Merritt, 51 Hun, 375, 4 N. Y. Supp. 245.　The proposed defendant, as above stated, is not shown by the terms of the notes upon which the suit is to be brought against her, or by any proper allegations of the affidavit outside of those notes, to be a party to them or responsible upon them. The theory upon which the suit is to be brought against her is evidently that of holding her as principal upon notes made and signed by her husband in his own name as agent.　This, however, it is well settled, cannot be done.　Bank v. Love, 13 App. Div. 561, 43 N. Y. Supp. 812.　The motion to vacate said order is therefore granted, with $10 costs.

Motion granted, with $10 costs.