## DREYFUS v. BERNHARD.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

1. DISCOVERY—EXAMINATION OF DEFENDANT.
    Where plaintiff is unable to state his cause of action with particularity, he is entitled to an order to examine defendant before the court, where the facts which plaintiff needs are peculiarly within defendant's knowledge, and he refuses to disclose them.

2. SAME—INSPECTION OF DOCUMENTS.
    Plaintiff is not entitled to an inspection of the books and papers of defendant to secure facts from which to state his cause of action with particularity, though the facts which plaintiff needs are peculiarly within defendant's knowledge, since he may secure an order to examine defendant, where he refuses to disclose them, and defendant may be required to resort to his books and papers when necessary to answer questions.

Appeal from special term.

Action by Ella Dreyfus against Henry Bernhard, as executor. Plaintiff procured an order for the examination of defendant, and for an inspection of his books and papers. On motion to vacate the same the order was modified, and otherwise the motion was denied, and defendant appeals. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

I think that the plaintiff makes out prima facie a cause of action. It is true that she is not sufficiently well informed as to all the facts to enable her to properly frame a complaint, but it is for that very reason that she should be permitted to examine the defendants. In the very nature of the case, the plaintiff cannot state her cause of action with greater particularity. The precise facts which she needs to know are peculiarly within the knowledge of the defendants, and they have refused her any information concerning them. I think that she is entitled to an opportunity to inform herself. Since the order directs the examination to be taken before the court, the defendants will be amply protected against any attempt on the plaintiff's part to push it beyond legitimate limits. The plaintiff is not, however, entitled at the same time to an examination of the defendants, and an inspection of the books. The most she can claim is an examination of the defendants, and, if it shall appear that resort to the books is necessary to answer any proper question, the defendants can be required to resort to the books for that purpose. Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8. The order will be modified by striking out the provision for the inspection of books and papers. Beyond that the order to vacate is denied. No costs to either party. Settle order on notice.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. S. Gans, for appellant.
A. I. Elkus, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of SCOTT, J., in court below.