(35 Misc. Rep. 339.)

## CLARK v. ENNIS et al.

(Supreme Court, Special Term, New York County. June, 1901.)

1. DISCOVERY—PRODUCTION OF BOOKS.

     An order requiring stockbrokers, defendants in an action, to submit to the examination by plaintiff, who was their customer, in order that he may prepare his complaint, is erroneous, which compels defendants to produce all their books bearing upon the transactions between the parties.

2. SAME—INSPECTION.

     Where inspection of books is necessary for the purpose of testifying, defendants will be required to refer to the books to give the desired information.

Action by John W. Clark against Thomas A. Ennis and others. Motion to set aside an order for the examination of defendants and an inspection of their books. Motion granted.

Woods, Barnes, Deane & Callaghan, for the motion.
E. B. Southworth, opposed.

GILDERSLEEVE, J. The defendants are stockbrokers, and the plaintiff is their customer. The action is based on a stock transaction or transactions, and plaintiff obtained an order to examine the defendants in order to frame his complaint. The defendants move to set aside the said order, which was granted ex parte on the ground that "the papers upon which it was granted fail to show facts sufficient and necessary to bring the case within sections 870, 871, 872, and 873 of the Code, and that the plaintiff has failed to comply with the provisions and requirements of said sections." The allegations of the said papers seem to show a technical compliance with the requirements of the statute. The order, however, requires the production on the examination before the referee of all ledgers and books of defendants bearing upon the transactions between the plaintiff and defendants. The statute confines the examination of a defendant in an action to the purpose of eliciting information which will enable the plaintiff to frame his complaint or will be used on the trial, but the most that a plaintiff can claim before the service of the complaint is the right to examine the defendant, and it is improper for the order directing the examination of a defendant to direct the production of his books. If, for the purpose of testifying, resort to the books is necessary, the defendant will be required to refer to the books for the purpose of giving the desired information. See Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8. To that extent, therefore, the order is improper. So far as the merits of the application are concerned, the rule is that whenever it appears that the examination of an adversary is material and necessary, and the application is one not for the purpose of extracting evidence from him by unnecessary procedure, and when its good faith cannot be seriously questioned, it is almost a matter of course, under the Code, to direct the examination in the furtherance of justice. See Hardy v. Peters, 30 Hun, 80. I do not think, however, that it is necessary to go further into a discussion of the merits of the case, as the order must be vacated for the defect above pointed out. The motion is granted, without costs, and with leave to the plaintiff to make a new application for the examination of the defendants.

Motion granted, without costs, with leave to plaintiff to make a new application.